Virginio DELABRA–REBOLLAR, a.k.a. Flavio Delabra, a.k.a. Virginio Delabra, Jr., a.k.a. Virginio Delabra, a.k.a. Virgino Delabra, Jr., a.k.a. Virginio Sina Delabra–Rebo, a.k.a. Flavio Rebollar–Delabra, Petitioner,

v.

Eric H. HOLDER, Jr., Attorney General, Respondent.

No. 09–71694.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 15, 2011.*

Filed March 10, 2011.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

(9th Cir.2004), and we deny the petition for review.

 Delabra–Rebollar's conviction for violating California Health and Safety Code § 11378 is an aggravated felony under 8 U.S.C. § 1101(a)(43)(B). *See id.* at 919 (a state drug offense is an aggravated felony for immigration purposes if it contains a trafficking element). Contrary to Delabra–Rebollar's contention, the record of conviction establishes that he was convicted of selling methamphetamine. *See Shepard v. United States*, 544 U.S. 13, 16, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005) (charging document and transcript of plea colloquy may be used for modified categorical analysis).

Virginio Delabra–Rebollar, Belle Ville, AK, pro se.

Eric Warren Marsteller, Esquire, Trial, Carol Federighi, Esquire, Senior Litigation Counsel, U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

In his opening brief, Delabra–Rebollar did not challenge the agency's denial of his application for withholding of removal and, therefore, has waived this issue. *See Martinez–Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir.1996).

In light of our disposition, we need not address Delabra–Rebollar's remaining contentions.

**PETITION FOR REVIEW DENIED.**

Before: CANBY, FERNANDEZ, and M. SMITH, Circuit Judges.

### MEMORANDUM **

Virginio Delabra–Rebollar, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's removal order. We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law, *Cazarez–Gutierrez v. Ashcroft*, 382 F.3d 905, 909

** This disposition is not appropriate for publication and except as provided by 9th Cir. R.

36–3.